IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INFINITY INSURANCE COMPANY, | : | No. 4:05cv1287 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| MARGOLIS EDELSTEIN, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM AND ORDER

## October 31, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Count 2 of Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) ("the Motion") (doc. 12) filed by the Defendant Margolis Edelstein ("Defendant" or "Margolis") on September 9, 2005. For the reasons that follow, the Motion will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

As we explained in our September 21, 2005 Order, Plaintiff Infinity Insurance Company ("Plaintiff" or "Infinity") filed a complaint against Defendant, a Pennsylvania law firm with its principal place of business in Philadelphia, in the United States District Court for the Middle District of Pennsylvania alleging breach

of contract in Count 1 and professional negligence in Count 2 of the complaint. (See Rec. Doc. 1). Plaintiff's claims stem from Defendant law firm's alleged failure to file an appeal to an underinsured motorist arbitration award that was entered against it on November 22, 2002. Id. ¶¶ 21-22.

In the complaint, Plaintiff alleges that on or about November 11, 1996, Angela Destefano and Michael Destefano (collectively the "Destefanos") were passengers in an automobile driven by Gina Alfano ("Alfano") and when traveling along Log Tavern Road in Dingman Township, Pennsylvania, Ms. Alfano lost control of the vehicle and collided with a large rock. (Compl. ¶ 10). As a result of the accident, the Destefanos sustained injuries that required medical attention. At the time of said accident, the Destefanos were insured under their mother, Cheryl Destefano's automobile policy issued by Infinity that included $15,000 of underinsured motorist ("UIM") coverage per person and $30,000 per accident. Id. ¶¶ 11-12. Ms. Alfano was insured under a policy issued by Allstate, which had policy limits of $100,000 per individual and $300,000 per claim. Mr. and Mrs. Destefano settled their third party claims against Ms. Alfano for $82,500 and $85,000 respectively and sought to recover under their mother's UIM policy. Id. ¶¶ 13-15.

Plaintiff Infinity retained Defendant Margolis to represent it in the UIM claim

initiated by the Destefanos. An arbitration hearing for the Destefanos' UIM claims was held on November 8, 2002. Id. ¶ 19. In the complaint, Plaintiff alleges that "[a]t the time of the arbitration hearing, Margolis entered into an oral stipulation with counsel for the Destefanos, that any damages awarded by the arbitration panel would be limited to the underinsured policy limits. However, Margolis failed to reduce this oral agreement to writing." Id. ¶ 20. On November 22, 2002, the arbitration panel returned an award of $500,000 for Mrs. Destefano and $500,000 for Mr. Destefano. "Margolis failed to file a timely appeal of [the] arbitration panel's award." Id. ¶ 21.

On June 24, 2003, the Destefanos filed a Petition to Confirm UIM Arbitration Award with the Court of Common Pleas of Pike County seeking a judgment against Infinity in the amount of $800,000, which represents $500,000 as to each Destefano less $100,000 as to each Destefano as an offset for the tortfeasor's liability insurance. In response, Margolis filed a reply to the Destefanos' Petition arguing that judgment could not be entered in an amount greater than the policy limits, $15,000 per person or $30,000 per occurrence, but allegedly failed to argue fraud on the part of the Destefanos or the stipulation entered into between the Destefanos' attorney and Margolis at the Arbitration Hearing on November 8, 2002 as defenses to the Destefanos' Petition. Id. ¶¶ 22-26.

On October 23, 2003, the Court of Common Pleas of Pike County entered a judgment in the amount of $800,000 against Infinity and in favor of the Destefanos, which Infinity thereafter appealed to the Pennsylvania Superior Court. On August 9, 2004, the Superior Court affirmed the trial court order. Infinity's application for reargument/reconsideration with the Superior Court was subsequently denied, as was Infinity's Petition for Allowance of Appeal with the Pennsylvania Supreme Court on May 2, 2005. Id. ¶¶ 27-30. Infinity has filed an Application for Reconsideration of Denial of Allowance of Appeal with the Pennsylvania Supreme Court.

Defendant filed the instant Motion on September 9, 2005, which has been briefed by the parties. The matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

In considering a motion to dismiss, a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a

4

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

**DISCUSSION:**

In the Motion, Defendant asserts that Plaintiff's negligence claim in Count 2 of the complaint is barred by the statute of limitations as the alleged act of malpractice did not occur within two years of the commencement of this action on June 24, 2005. Defendant argues that in Pennsylvania the statute of limitations for legal malpractice actions is two years, and that the statute of limitations in a legal malpractice claim is not tolled while an appeal of the underlying action is pending. (Def.'s Br. Supp. Mot. Dismiss at 5-7).

In response, Plaintiff concedes that Defendant's alleged breach of duty occurred more than two years before the instant suit was filed. Id. at 5. Plaintiff, however, addresses the "discovery rule" and its applicability to professional negligence claims. Plaintiff maintains that applying the discovery rule to this case, the earliest Infinity could have reasonably known of the injury it suffered was October 23, 2003, the date the Court of Common Pleas of Pike County entered the judgment of $800,000 on the arbitration award. (Pl.'s Br. Opp. Def.'s Mot.

Dismiss at 5-6).

We initially note that in a legal malpractice action, the "occurrence rule" is employed to determine when a malpractice claim accrues, and thereby triggers the commencement of the statute of limitations "upon the happening of the alleged breach of duty." Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger, 674 A.2d 244, 246 (Pa. Super. 1996). "An exception to this rule is the equitable discovery rule which will be applied when the injured party is unable, despite the exercise of due diligence, to know of the injury or its cause. Lack of knowledge, mistake or misunderstanding, will not toll the running of the statute." Id. at 246-7. The Pennsylvania Superior Court has explained that when the "discovery rule" is applied to a legal malpractice action, the statute of limitations is "only tolled until the injured party should reasonably have learned of this breach." Garcia v. Community Legal Services Corp., 524 A.2d 980, 986 (Pa. Super. 1987); see also Robbins, 674 A.2d at 247.

As both parties submit, Plaintiff's complaint identifies three acts of alleged negligence which include the following:

> 42. Margolis' actions amounted to negligence in that it failed to exercise ordinary skill and knowledge in fulfilling its duty to Infinity by failing to obtain writing the Destefanos' agreement to limit any damages awarded by the arbitration panel to the underinsured policy limits.

>   43. Margolis' actions amounted to negligence in that it failed to exercise ordinary skill and knowledge in fulfilling its duty to Infinity by failing to appeal, within the time allowed by law, the arbitration award.
>
>   44. Margolis' actions amounted to negligence in that it failed to exercise ordinary skill and knowledge in fulfilling its duty to Infinity by failing to allege fraud as a defense to the Destefanos' Petition to Confirm UIM Arbitration Award.

Compl. ¶¶ 42-44.

After a careful review of applicable caselaw and the record, and taking all of Plaintiff's allegations in the complaint as true, as we must at this juncture, we find that it is premature to dismiss this legal malpractice action based upon Defendant's contention that the "discovery rule" did not act to equitably toll the statute of limitations. We are in the early stages of this lawsuit and the operative facts as reflected in the complaint and submissions do not provide sufficient information for us to make a determination at this juncture as to whether Infinity could not reasonably have known that it was injured until a point after November 22, 2002 (or at the latest on or about December 22, 2002).[1] We are confident that sufficient facts allowing this tolling issue to be revisited, if necessary, at the summary

---

[1] For example, the record is not sufficiently developed concerning communications that may have occurred between Infinity and its previous counsel, Margolis. These may reflect, for instance, representations made by Margolis to Infinity and Infinity's knowledge of Margolis' conduct, during relevant time periods in the case sub judice sufficient to allow a more searching analysis of the tolling issue.

judgment stage, will be developed during the discovery phase of this case.

Accordingly, Defendant's Motion to Dismiss Count 2 of Plaintiff's Complaint is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Count 2 of Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (doc. 12) is DENIED.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge